SCOTT N. SCHOOLS (SC SBN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102-3495
Telephone: (415) 436-7264
Facsimile: (415) 436-6748
Email: abraham.simmons@usdoj.gov

Attorneys for Federal Defendants GSA/FTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| QUIMBA SOFTWARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> GSA/FTS, <br><br> Defendant. | No. C 06-07213 MHP <br> **E-FILING CASE** <br><br> **COMPROMISE SETTLEMENT AND [PROPOSED] ORDER** |

It is hereby stipulated between plaintiff Quimba Software, Inc. (herein after referred to as "Plaintiff"), and the federal defendant GSA/FTS (hereinafter "Defendant") as follows:

1. For the purpose of settling this action without any further judicial proceedings, and without constituting an admission of liability on the part of defendant, the parties do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein.

2. Plaintiff commenced Case No. SCC-104607 in the Superior Court of California in the County of San Mateo Central Branch on or about October 19, 2006, by filing its complaint alleging that the General Services Administration of the federal government breached contract number GS10T05D4615 (the "Contract") between plaintiff and the Government.

3. On or about November 21, 2007, and pursuant to 28 U.S.C. §§ 1441(a), 1441(b), 1441(f), and 1442(a)(1), defendant removed the case identified in paragraph 2 to the federal

district court for the Northern District of California. The matter was assigned case number C 06-7213 MHP.

4. As a result of those negotiations, Defendant has agreed to make payment to Plaintiff in the amount of One hundred Dollars and no cents ($100.00) with each party to bear its own costs, attorney fees, and expenses related to all issues described in this Settlement Agreement. The sum of One Hundred Dollars and no cents ($100.00), shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature whether or not asserted in the pleadings in this case, arising from, and by reason of any and all known and unknown, foreseen and unforeseen injuries and damage from the same subject matter that gave rise to the above-captioned lawsuit, including but not limited to claims which Plaintiff, its employees, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees, with the exception of the parties' rights to pursue any fraud-based claims or defenses.

5. Plaintiff hereby agrees to accept the sum of One hundred Dollars and no cents ($100.00) in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned lawsuit with the exception of the parties' rights to pursue any fraud-based claims or defenses. Plaintiff further agrees that, immediately upon plaintiff's receipt of the One Hundred Dollar ($100.00) payment, it will deliver to the United States a signed dismissal with prejudice of this entire action, with each party bearing its own costs, expenses, and fees.

6. This Settlement Agreement is for the purpose of settling this case, and for no other purpose, and this agreement shall not be cited or otherwise referred to in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this settlement. This settlement shall not constitute an admission of liability or fault on the part of the United States,

its agents, servants, or employees, and is entered into by both parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

7. This agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the agreement.

8. Plaintiff warrants and represents that no other action or suit with respect to the specific claim described in this Settlement Agreement is pending against the United States or will be filed in or submitted to any other court, administrative body, or legislative body against the United States (except in the event of breach of this Settlement Agreement or suit by the United States with respect to this Settlement Agreement or its subject matter). Plaintiff further warrants that it is the owner of the specific claim described in this Settlement Agreement, and that it has not made an assignment or transfer of all or any part of its rights with respect to the specific claim described in this Settlement Agreement arising out of the present suit.

9. The parties agree that each party, though its counsel, fully participated in the drafting of this Settlement Agreement. The rule of law that provides that, in interpreting written instruments, ambiguities will be construed against the drafting party shall not apply to, or be used to resolve, any dispute over the meaning or intent of this Settlement Agreement.

10. In the event that a party believes that another party has failed to perform an obligation required by this Settlement Agreement, the nonbreaching party must so notify the breaching party and afford it a reasonable time to cure the breach prior to initiating any legal action to enforce the Settlement Agreement.

11. The parties agree that the law to be applied in all respects to the application, interpretation, or construction of this Settlement Agreement shall be federal law.

12. This Settlement Agreement shall be binding and inure to the benefit of the parties and their respective successors and assigns.

13. No person or entity is intended to be, shall be, or shall be deemed to be, a third-

party beneficiary of this Settlement Agreement for any purpose whatsoever.

FOR PLAINTIFF QUIMBA SOFTWARE, INC.

Dated: 12/4/07

BOB DOURANDISH

FOR DEFENDANT GSA/FTS:

SCOTT N. SCHOOLS
United States Attorney

Dated: _____

ABRAHAM A. SIMMONS
Assistant United States Attorney
Attorneys for Defendant

## [PROPOSED] ORDER

The approved stipulation is approved.

IT IS SO ORDERED.

DATE: 2/26/2008

IT IS SO ORDERED
Judge Marilyn H. Patel
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

party beneficiary of this Settlement Agreement for any purpose whatsoever.

FOR PLAINTIFF QUIMBA SOFTWARE, INC.:

Dated: _____          _____
                                   BOB DOURANDISH

FOR DEFENDANT GSA/FTS:

                                   SCOTT N. SCHOOLS
                                   United States Attorney

Dated: _____          _____
                                   ABRAHAM A. SIMMONS
                                   Assistant United States Attorney
                                   Attorneys for Defendant

## [PROPOSED] ORDER

The approved stipulation is approved.

IT IS SO ORDERED.

DATE: _____           _____
                                   United States District Judge

SETTLEMENT AGREEMENT
C 06-07213 MHP                              4